FILED

**NOT FOR PUBLICATION**

FEB 13 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRANDYN RIDGEWAY and TIM SMITH, on behalf of themselves and all others similarly situated and the general public, | No. 15-56673 |
| | D.C. No. 2:15-cv-03436-DDP-VBK |
| Plaintiffs-Appellees, | |
| v. | MEMORANDUM[*] |
| NABORS COMPLETION & PRODUCTION SERVICES CO., a Delaware corporation, | |
| Defendant, | |
| and | |
| CITY OF LONG BEACH, a California municipality; TIDELANDS OIL PRODUCTION COMPANY, a Texas General Partnership, | |
| Defendants-Appellants. | |

| | |
|---|---|
| BRANDYN RIDGEWAY and TIM SMITH, on behalf of themselves and all others similarly situated and the general public, | No. 15-56675 |
| | D.C. No. 2:15-cv-03436-DDP-VBK |

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiffs-Appellees,

v.

NABORS COMPLETION &
PRODUCTION SERVICES CO., a
Delaware corporation,

Defendant-Appellant,

and

CITY OF LONG BEACH, a California
municipality; TIDELANDS OIL
PRODUCTION COMPANY, a Texas
General Partnership,

Defendants.

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted February 6, 2018
Pasadena, California

Before: GRABER and HURWITZ, Circuit Judges, and MARBLEY,** District
Judge.

Defendants Nabors Completion and Production Services Co., Tidelands Oil

Production Company, and the City of Long Beach timely appeal the district court's

---

** The Honorable Algenon L. Marbley, United States District Judge for the
Southern District of Ohio, sitting by designation.

2

denial of their motion to compel Plaintiffs Brandyn Ridgeway and Tim Smith to arbitrate their labor-related claims against Defendants. Reviewing de novo, Kilgore v. KeyBank, N.A., 718 F.3d 1052, 1057 (9th Cir. 2013) (en banc), we reverse and remand.

1. The district court correctly held that the arbitration agreement involved a moderate level of procedural unconscionability because it was a nonnegotiable requirement of Plaintiffs' employment. Armendariz v. Found. Health Psychcare Servs., Inc., 6 P.3d 669, 690 (Cal. 2000). But, with two exceptions, we disagree that the provisions at issue were substantively unconscionable. See Poublon v. C.H. Robinson Co., 846 F.3d 1251, 1261 (9th Cir. 2017) (discussing standards for determining substantive unconscionability).

Section 11 of the Nabors Dispute Resolution Rules, which pertains to discovery, is not substantively unconscionable because, by stating that the arbitrator has "discretion to determine the form, amount and frequency of discovery," it presupposes that the arbitrator will order discovery beyond the required information about witnesses and documents. See Armendariz, 6 P.3d at 682 ("Such an arbitration agreement is lawful if it . . . provides for more than minimal discovery . . . ." (internal quotation marks omitted)). Paragraphs A, B, and G of section 32, the fees and expenses provision, are not unconscionable,

3

because they contain the phrase "except as otherwise provided by law."  And paragraphs E and F of that section are not unconscionable because, when they are read together with paragraph G, it is clear that an employee initiating arbitration will pay only $150—the rest of the fees "shall be borne equally by the Parties who are not Employees/Applicants."  Section 6 of the Nabors Dispute Resolution Program, which allows Nabors to modify the agreement unilaterally, is not unconscionable because there is an implied covenant of good faith and fair dealing. Poublon, 846 F.3d at 1269.

2.  Paragraphs C and D of section 32, however, are substantively unconscionable because they flatly prohibit the arbitrator from shifting discovery costs and expert fees to the losing party, no matter the circumstances and even when California law dictates a different result.  But those provisions are severable in their entirety.  Section 32(G) fills in the gaps left by severing those paragraphs because it governs "all other expenses, fees, and costs."

3.  Private Attorneys General Act of 2004 ("PAGA") claims are not waivable, but they can be arbitrated.  See Sakkab v. Luxottica Retail N. Am., Inc., 803 F.3d 425, 429, 438 (9th Cir. 2015) ("[P]arties are free to arbitrate [PAGA claims] using the procedures of their choice.").  Therefore, the amendment to section 4(B) of the Nabors Dispute Resolution program is invalid, but section 4(C)

4

is valid.  On remand, the district court shall consider the limited issue of whether to certify Plaintiffs' PAGA claims.

4.  Tidelands and the City of Long Beach have standing to enforce the arbitration agreement because Plaintiffs alleged in their complaint that those Defendants are agents of Nabors and the arbitration agreement defines "the Company" subject to the arbitration agreement to include agents of Nabors.  See Dryer v. L.A. Rams, 709 P.2d 826, 833–34 (Cal. 1985).

REVERSED and REMANDED with instructions.